KNIGHTS OF COLUMBUS BUILDING ASS'N OF SAN JUAN, PUERTO RICO, Plaintiff and Appellee-Appellant, *v.* JOSÉ ARCÍLAGOS ET AL., Defendants and Appellants-Appellees.

No. 6236. Argued May 8, 1933.—Decided May 16, 1933.

*H. G. Molina* for appellants-appellees. *Angel A. Vázquez* for appellee-appellant.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On September 5, 1928, the executors and temporary judicial administrators of the estate of Francisco María Franceschi brought a summary foreclosure proceeding against

the corporation, Knights of Columbus Building Ass'n of San Juan, Puerto Rico, to recover the sum of $45,000 as principal, interest thereon at the rate of 8 per cent per annum from September 14, 1927, to August 14, 1928, totalling $2,400, legal interest on said interest from the date of the institution of the foreclosure proceeding, stipulated interest on the principal sum of $45,000 at the rate of 8 per cent per annum from August 14, 1928, until fully paid, and an additional credit of $2,000 for costs, expenses, disbursements,. and attorney's fees. The mortgaged property, which is described in the complaint, was awarded to the heirs of Francisco María Franceschi, the mortgage creditors, for the sum of $25,000.

The debtor corporation, Knights of Columbus Building Ass'n of San Juan, Puerto Rico, sought the annulment of the foreclosure proceeding by a declaratory action on grounds which it is not necessary now to set forth. The defendants set up cross demands by counter claim and cross complaint against said corporation, praying that in the event the action for nullity should prosper, the said corporation be adjudged to pay to the defendants, besides the amounts claimed in the foreclosure proceeding, the sum of $5,000, with interest thereon at the rate of 8 per cent per annum from March 14, 1928, until fully paid, and the additional sum of $300 for costs, expenses, and attorney's fees, which represented the amount of a second mortgage executed by the plaintiff in favor of defendants' ancestor. The interest having been liquidated, at the request of the mortgagor this second mortgage was executed on August 26, 1927, and the first mortgage, which was to become due on July 14, 1932, was extended to July 14, 1937, and the interest on the first mortgage was reduced to $150 monthly from October 14, 1927, until March 14, 1928. From this last date on interest was to be paid as provided in the original mortgage deed, namely, at the rate of 8 per cent per annum.

The lower court sustained the complaint and decreed the nullity of the foreclosure proceeding, and ordered the defendants to restore to the plaintiff the mortgaged property. The counterclaim and cross complaint were also sustained, and the plaintiff was adjudged to pay to the defendants, as a condition precedent to the return of said property, the principal sum of $45,000, $2,400 as interest accrued to August 14, 1928, legal interest on said interest from the time of the institution of the foreclosure proceeding, on September 5, 1928, until fully paid, plus $5,000, the amount of the second mortgage, with interest thereon at the rate of 8 per cent per annum from April 14, 1928, until fully paid, as provided in the corresponding deed.

The defendants appealed from the judgment sustaining the complaint, and the plaintiff also appealed from that part of the judgment sustaining the counterclaim and cross complaint. The defendants have filed a motion in this Court, alleging that the appeal taken by the plaintiff is frivolous and praying that it be dismissed.

The appellant corporation has opposed that motion on several grounds which we will consider presently. In the first place, it is urged that the lower court sustained the cross complaint for the recovery of money in an action, the sole purpose of which was to annul a summary foreclosure proceeding. We assume that the plaintiff refers to the second mortgage executed in favor of defendants' ancestor for the sum of $5,000. This mortgage was constituted on the same property for the purpose of granting an extension of time which was to expire on July 14, 1937. The defendants say that this deed was not recorded because the plaintiff, in spite of the steps taken by the creditor, failed to deliver the certificate of the resolution adopted by the board of directors of said corporation, which was to be presented in the registry together with said deed as an indispensable requisite for the registration of the instrument. The fact that this second

mortgage was not recorded did not deprive the defendants of their right to recover from the plaintiff the amount justly due them. The defendants could not recover in a summary foreclosure proceeding the said sum of $5,000, because the requirement of registration had not been complied with; but they were not precluded then, nor are they precluded now, from recovering in a plenary suit (*juicio plenario*) the amount of an indebtedness acknowledged by the plaintiff in a public instrument, secured by the property originally mortgaged, and intimately related to the first mortgage since it constituted an extension of the latter.

It is further urged by the appellant corporation that the district court adjudged it to pay interest on the principal sum until fully paid, in spite of the fact that it appears from the mortgage deed that said interest would only be payable until July 14, 1932. The plaintiff is clearly wrong. In the deed securing the first loan it is stated that this loan is made for a term of 7 years, counted from July 14, 1925, and to mature on the same day of the year 1932. Is is further stated that the said loan shall bear interest at the rate of 8 per cent per annum, payable at the end of every month. In the deed executed on August 26, 1927, extending the maturity of the obligation to July 14, 1937, there is fixed the interest to be paid from October 14, 1927, until March 14, 1928, and it is further stated that from and after the monthly instalment becoming due on April 14, 1928, the interest to be paid shall be as provided in the original mortgage deed, that is, at the rate of 8 per cent per annum.

The appellant corporation complains that the judgment of the lower court has absolved the defendants from the payment of costs notwithstanding the fact that they were manifestly obstinate in contesting the action for nullity. The essential error alleged in the complaint is based on the claim that the executors and judicial administrators of the estate of Francisco María Franceschi lacked, or failed to procure

from a competent court, the proper authorization to institute the summary foreclosure proceeding; that they had no legal personality or capacity to sue, nor could they assume the representation of the heirs of Francisco María Franceschi. From the record it appears that, after the initial petition in the proceeding had been filed and the writ demanding payment issued, these heirs entered their appearance and asked to be made parties thereto, and also authorized the judicial administrators, José Arcílagos and Marcos Vecchini, to continue jointly with them as parties to said proceeding. The court granted this request and thenceforth the defendant heirs participated in the proceeding as parties thereto, jointly with the judicial administrators. Without advancing any opinion as to the effect which the appearance of the heirs in the foreclosure proceeding may have had, we think that in view of these facts, which have been satisfactorily established, the defendants can not properly be charged with bad faith or obstinacy.

The plaintiff further urges that it has been adjudged to pay legal interest on interest due, in spite of the fact that no contract to that effect exists between the parties. The judgment directs the payment of legal interest on interest due from the time the foreclosure proceeding was instituted, on September 5, 1928, until fully paid. Section 1062 of our Civil Code, 1930 edition, provides that interest due shall earn legal interest from the time it is judicially demanded, even if the obligation should have been silent on this point. In the instant case, we are not dealing with a contract between merchants nor with the lending of a thing destined to commercial transactions.

We have carefully examined the judgment appealed from. All the amounts which the plaintiff has been adjudged to pay to the defendants as a condition precedent to the restoration of the property, are legitimately owed by said plaintiff to said defendants.

We are convinced that this is an entirely frivolous appeal. We have entertained some doubt as to the correctness of dismissing the appeal taken by the plaintiff without the defendants having abandoned their own appeal. We remember, however, that Mr. Henry G. Molina, attorney for the defendants, during the hearing of the motion to dismiss stated to this Court that it was his intention to dismiss the appeal taken by the defendants in the event that said motion should be granted. Both appeals are intimately connected with each other and it would not seem proper to dismiss either one separately. As we feel sure that counsel for the defendants awaits our decision in order to withdraw their appeal, should such decision be favorable to them, we sustain the motion of the defendants to dismiss the appeal taken by the plaintiff.